UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THOMAS A. BAYNE, JR.,                  )
                                       )
        Petitioner,                    )
                                       )
v.                                     )        2:26-cv-00164-JAW
                                       )
STATE OF MAINE,                        )
                                       )
        Respondent                     )

**RECOMMENDED DECISION TO DISMISS PETITIONER'S CLAIM**

On March 30, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and an application to proceed without prepayment of fees.  (Petition, ECF No. 1; Motion to Proceed, ECF No. 2.)  Because Petitioner had not provided the required financial information for the Court to rule on Petitioner's application, on April 8, 2026, the Court denied the motion and ordered Petitioner to pay the filing fee or file a completed application on or before April 22, 2026.  (Order, ECF No. 5.)  Through the order, the Court informed Petitioner that the failure to comply with the order could result in the dismissal of the matter.  The Clerk forwarded a copy of the order to Petitioner by U.S. Mail on April 8, 2026, together with a form application to proceed without prepayment of fees and costs.

Because Petitioner failed to comply with the order, on May 5, 2026, the Court ordered Petitioner to show cause as to why he had not complied with the Court's order. (Order, ECF No. 6.)  In the order, the Court established May 26, 2026, as the date by which Petitioner must show cause. (*Id.*)  The Court advised Petitioner that if he failed to show cause, the Court could dismiss the petition. (*Id.*)

1

On May 26, 2026, Petitioner filed a motion for an extension of time to pay the filing fee, which motion the Court granted, extending the time to June 26, 2026, and terminating the Order to Show Cause. (Motion, ECF No. 8; Orders, ECF No. 11 and 12.) As of the date of this order, Petitioner has not paid the filing fee or provided the information to support a request to proceed without prepayment of the fee.

### DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.

Here, Petitioner has failed to comply with the Court's order directing him to pay the filing fee or file a completed application to proceed without prepayment of fees and costs. Petitioner thus has failed to comply with the Court's order and has otherwise failed to prosecute his claim. Given Petitioner's failure to comply with the Court's order and his failure otherwise to prosecute the matter, dismissal is warranted.

### CONCLUSION

For the reasons explained above, I recommend the Court dismiss Petitioner's petition without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2026.